DUKE POWER COMPANY v. J. W. GADDY, JR. AND WIFE CORNELIA S. GADDY, AND PHIL GADDY AND WIFE JOHNNIE P. GADDY

No. 7420SC92

(Filed 20 February 1974)

1. **Eminent Domain § 6— value after the taking — knowledge of rights included in easement**

   In a proceeding to condemn an easement for an electric power transmission line, there is no merit in plaintiff's contention that the court erred in the admission of testimony by two of defendants' witnesses concerning the fair market value of defendants' property after the taking on the ground that the witnesses did not know what rights were or were not included in the easement since plaintiff's argument relates primarily to the weight to be given the testimony.

2. **Eminent Domain § 6— value — amount offered for part of tract**

   In a proceeding to condemn a right of way for an electric power transmission line, the trial court did not err in allowing one defendant to testify that he had been offered $20,000 for four acres of land where the witness thereafter testified that the four acres were part of the tract of land in controversy.

APPEAL by plaintiff from *Webb, Judge,* 6 August 1973 Session of Superior Court held in UNION County. Argued in the Court of Appeals 22 January 1974.

Plaintiff instituted this proceeding to condemn a right of way across a tract of land in Marshville Township, Union County, for the construction and maintenance of a transmission line.

All matters in controversy were disposed of by pre-trial order except the issue of damages. The case was tried before the jury solely upon the following issue: "What amount of damages are the respondents [defendants] entitled to recover of the petitioner [plaintiff]?" The jury answered the issue in the sum of $15,000.00. Judgment was entered upon the verdict. Plaintiff appealed.

*C. Frank Griffin, for the plaintiff.*

*Griffin and Humphries, by James E. Griffin, for the defendants.*

BROCK, Chief Judge.

[1]  Plaintiff assigns as error the admission of the testimony of defendant's witnesses J. W. Gaddy and J. B. Brantley concerning the fair market value of defendants' property after the taking of the easement. Plaintiff argues that neither of these witnesses knew what rights were or were not included in the easement and, therefore, could not have an opinion of the value of the land after the taking of the easement.

At the time of trial, the steel towers had been erected along the right of way. The evidence tended to show that the highest and best use of the property was for residential purposes. The witnesses were aware that the right of way was 68 feet in width and there could be no construction within the right of way. The witnesses were aware that the property immediately affected lay within the municipal limits of the town of Marshville and that water and sewer lines were already in existence along the border of the property. Each of the witnesses was familiar with values of residential property in the area; each had viewed the property with the steel towers in place; and each expressed the opinion that lots in proximity to the steel towers and transmission lines would not be desirable for residences. Whether the witnesses clearly understood to what extent yards or gardens could be cultivated under the transmission lines and within the right of way seems to have very little effect upon their appraisals of the value for residential lots. In any event, appellant did not object to the testimony of the witness Gaddy, and the opinion of the witness Brantley would tend to establish less damages than the opinions of the landowners' other witnesses. Primarily, the argument made here by appellant relates to the weight to be given the testimony of the witnesses. The weight is for jury determination, and we are confident that counsel for appellant pursued these same arguments with the jury. We find no error in the admission of the testimony.

[2]  Plaintiff assigns as error that the witness Phil Gaddy, one of the defendants, was allowed to testify that he had been offered $20,000.00 for four acres of land. Plaintiff argues that the testimony was improper because "no information was received

relative to the comparison of this property with the property in question." Counsel for plaintiff closely cross-examined the witness concerning his opinion of the value of the entire tract of land, and, on redirect, the witness stated that an agent of plaintiff offered him $20,000.00 for four acres of this tract of land. Since it was a part of the same tract, there was no comparison to be made. This assignment of error is overruled.

Plaintiff assigns as error that the trial judge did not sufficiently elaborate upon the things the jury might consider as affecting the fair market value of the property. We have reviewed the instructions as a whole and find them to be fair and sufficient.

In our opinion plaintiff had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and CARSON concur.